## LIABILITY OF RAILWAY COMPANY FOR MAINTENANCE OF DITCH.

Circuit Court of Richland County.

THE SANDUSKY, MANSFIELD & NEWARK RAILWAY COMPANY V. ANNA HENRY ET AL.

Decided, September, 1910.

*Contracts—Release of Railway Company from Obligation to Maintain Ditch—Error in Taking Case from Jury.*

1. In an action for damages by an abutting property owner against a railway company, based upon failure of the company to construct and maintain a ditch and dike along the right-of-way granted by the plaintiff and in accordance with a contract entered into when said right-of-way was granted, the question whether the building with the consent of the plaintiff of a county ditch over and along the ditch in controversy had not carried a large amount of water to that point which did not naturally flow there, is one which should be submitted to. the jury.

2. Moreover the construction of a county ditch, over and along the ditch which the defendant company had agreed to open and maintain, released the railway company from further obligation under its contract to open and maintain the ditch alleged.

*Cummings, McBride & Wolfe,* for plaintiff in error.
*C. H. Workman* and *R. E. Hutchinson,* contra.

TAGGART, J.; DONAHUE, J., and VOORHEES, J., concur.

This is the second time this cause has been in this court upon error. The original action out of which this proceeding grows was brought by Anna Henry, widow of Benjamin Larimer, and Fayetta F. Larimer for herself and as guardian of Blanche Larimer, child of Benjamin Larimer, to recover damages from the defendant railroad company for failure to maintain a ditch and dike along its right-of-way, adjacent to the real estate owned by said plaintiffs, which it is claimed the defendant company, as a part consideration of the grant of said right-of-way, agreed and contracted to do with the then owner, Robert Larimer, said contract being a covenant to run with the lands.

The defendant for a first defense admits it is a corporation and denies the allegations in the second amended petition, and for a second defense says in effect that in 1892 the board of county commissioners, in a proceeding on the petition of J. R. Crabbs et al, established a county ditch over and along said premises and over and upon a ditch opened by it along its right-of-way, the same being the ditch referred to in the plaintiffs' second amended petition. And that by means of said ditch, so constructed by the board of county commissioners, a large territory of land was drained of waters that did not naturally flow into the ditch opened by the railroad company.

In the establishment of such ditch the predecessors in title of the lands now owned by plaintiffs were duly notified and assessed for benefits and paid the same; that this ditch has been, since that time, cleaned out by the county commissioners upon petitions filed for that purpose. That at each of said times, the parties owning plaintiffs' land were assessed and paid the same, and that by reason of the establishment of said county ditch, over and along defendant's ditch, by reason of the fact that .waters from a large acreage of land is now drained thereto, but did not formerly naturally flow to that point, they are not compelled by this contract set forth in plaintiffs' petition to further maintain said ditch or dike.

They further aver that the plaintiff, Anna Henry, was in possession of this land and entered into a contract with the commissioners, and other land owners, for the purpose of having the same tiled or partly tiled and agreed with other land owners that, if the commissioners would appropriate one hundred dollars for that purpose, she and the other land owners would keep said ditch open and in repair.

When this cause was first before us it was reversed by this court for the reason that a demurrer had been sustained to the second defense. We are still of the opinion that this second defense is good and ought to have been submitted to the jury, and that the court erred in its charge in taking the same from the jury.

First, the contract relied upon by plaintiffs provides that the ditch and dike shall be maintained sufficient to drain and con-

fine the waters naturally flowing thereto. The claim of the defendant is that there is a large amount of water now carried by this artificial ditch, and other ditches, to this point that did not naturally flow there, and therefore it could not be compelled under its contract to maintain a ditch and dike that would take care of all this additional water, nor keep in repair a dike that might be washed or injured by this additional water.

This was denied; it was a question of fact for the jury, and if the jury had found upon this issue in favor of the defendant, the plaintiff could not recover for damages suffered from the overflow of these additional waters.

So, in this respect, it clearly appears that the court was in error in directing the jury to disregard the second defense, as appears on page 176 of the charge.

But this court is of the opinion that when the county commissioners established a county ditch over and upon the ditch which the owner of this land had contracted to be opened and maintained by the railroad company, that owner acquiescing therein, and paying his share of the costs, the railroad company was thereby released from further obligation under this contract.

The plaintiffs' predecessor in title must have known at the time that this county ditch was established, that the land occupied by it must be appropriated by the county for that purpose and that the county commissioners would have charge of said ditch; that it would be cleaned and kept open only in the manner provided for by law; that if additional waters were to be conducted to this ditch it would bring additional debris and deposits into the ditch and require additional labor and expense in removing the same, all of which was not contemplated in the contract of the railroad company. And by paying the assessment without protest or complaint or in any manner that appears from the record, or advising the commissioners of his contract with the railroad company to maintain such a ditch, the owner of the land must be held to have admitted that the construction of such a ditch was a benefit to his land, over and beyond the benefit secured to him by the contract of the railroad company. Otherwise, he should not have been required to have paid any part of the cost of the construction of the same.

And the same is true as to cleaning out of this ditch. The owner of this adjacent land was assessed for the payment of the same; so that it clearly appears that for years the owner of this land recognized that the obligation of the company was ended and that thereafter the county would be compelled to clean and maintain this ditch, and for that purpose had the right to assess adjoining proprietors.

In order that defendant in error may test this question in the Supreme Court of Ohio, we are disposed to hold that this judgment is contrary to law, instead of holding that it is against the manifest weight of the evidence.

Therefore this judgment is reversed for the error of the court in its charge to the jury and because the verdict and judgment of the court is contrary to law. Exceptions of defendant in error may be noted.